UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-62152-CIV-DIMITROULEAS

SARAH SHAW, REBECCA WILES,
JENNIFER SCOTT, and ASHLEY HOWELL,
individually, and on behalf of all others similarly
situated,

        Plaintiffs,

v.

THE SET ENTERPRISES, INC., a Florida
corporation; FANEUIL ENTERTAINMENT
INC, a Florida corporation; 3342 SOCIAL
CLUB CORP., a Florida corporation; JOSE R.
RODRIGUEZ, individually, and JOE
RODRIGUEZ, individually

        Defendants.

_____/

## DEFENDANT THE SET ENTERPRISES, INC.'S ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, The Set Enterprises, Inc., by and through the undersigned counsel, files its Answer and Statement of Affirmative Defenses to the Amended Complaint filed by named Plaintiffs Sarah Shaw ("Shaw"), Rebecca Wiles ("Wiles"), Jennifer Scott ("Scott") and Ashley Howell ("Howell") and states as follows:

1.    Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Amended Complaint, as they call for a legal conclusion to which no response is required, and 29 U.S.C. § § 202(a), 206 and 207 speak for themselves.

2.    Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint, except neither admits nor denies the allegations regarding the FLSA's requirements, as they call for a legal conclusion to which no response is required, and  29 U.S.C. § 207 speaks for itself.

6.      Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint, except neither admits nor denies the allegations regarding the FLSA's requirements, as they call for a legal conclusion to which no response is required, and  29 U.S.C. §§ 203 and 206 speak for themselves.

7.      Defendant avers that the named Plaintiffs purport to have brought this collective action under the FLSA, except denies that Defendant violated the FLSA and further denies that Plaintiffs are entitled to any unpaid minimum or overtime wages and that there exists any basis for notice of this action to be provided to the alleged "Class Members."

8.      Defendant avers that the named Plaintiffs claim they are entitled to "back wages" from Defendant, pursuant to the Florida Minimum Wage Act, except denies that Defendant violated the Florida Minimum Wage Act and further denies that Plaintiffs are entitled to any back pay.

## SUBJECT MATTER JURISDICTION AND VENUE

9.      Defendant neither admits nor denies the allegations contained in Paragraph 9 of the Amended Complaint, as they call for a legal conclusion to which no response

is required.

10.     Defendant neither admits nor denies the allegations contained in Paragraph 10 of the Amended Complaint, as they call for a legal conclusion to which no response is required.

11.     Defendant neither admits nor denies the allegations contained in Paragraph 11 of the Amended Complaint, as they call for a legal conclusion to which no response is required.

12.     Defendant admits that the Clubs are located within this District, except neither admits not denies the allegations regarding venue, as they call for a legal conclusion, and denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

**PARTIES AND PERSONAL JURISDICTION**

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Shaw's residence and, therefore those allegations are denied.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Wiles' residence and, therefore those allegations are denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Scott's residence and, therefore those allegations are denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff Howell's residence and, therefore those allegations are denied.

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendant admits it does business in Florida, except denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     The allegations contained in Paragraph 21 do not pertain to this answering Defendant.

22.     The allegations contained in Paragraph 22 do not pertain to this answering Defendant.

23.     The allegations contained in Paragraph 23 do not pertain to this answering Defendant.

24.     The allegations contained in Paragraph 24 do not pertain to this answering Defendant.

## **FLSA COVERAGE**

25.     Defendant neither admits nor denies the allegations contained in Paragraph 25 of the Amended Complaint, as they call for a legal conclusion to which no response is required and the FLSA and cases interpreting this law speak for themselves.

26.     Defendant neither admits nor denies the allegations contained in Paragraph 26 of the Amended Complaint, as they call for a legal conclusion to which no response is required and the FLSA and cases interpreting this law speak for themselves.

27.     Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant admits that Entertainers are a part of adult entertainment clubs.

38.     Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant neither admits nor denies Paragraph 40 of the Amended Complaint, as it calls for a legal conclusion to which no response is required.

41.     Defendant states that the FLSA speaks for itself.

42.     Defendant states that the FLSA speaks for itself.

43.     The allegations contained in Paragraph 43 do not pertain to this answering Defendant.

44.     The allegations contained in Paragraph 44 do not pertain to this answering Defendant.

45.     The allegations contained in Paragraph 45 do not pertain to this answering Defendant.

46.     The allegations contained in Paragraph 46 do not pertain to this answering Defendant.

47.     Defendant admits that it owns Cheetah of Hallandale.

48.     Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint, except admits it ensured that Cheetah of Hallandale complied with state and federal wage and hour laws.

53.     Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendant states the FLSA and case law interpreting the statute speak for themselves.

56.     Defendant neither admits nor denies the allegations contained in Paragraph 56 of the Amended Complaint, as they call for a legal conclusion to which no response is required.

57.     Defendant neither admits nor denies the allegations contained in Paragraph 57 of the Amended Complaint, as they call for a legal conclusion to which no response is required.

58.     Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendant admits the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant neither admits nor denies the allegations contained within Paragraph 61 of the Amended Complaint, as it calls for a legal conclusion to which no response is required.

62.     Defendant denies the allegations contained within Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations contained within Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations contained within Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations contained within Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations contained within Paragraph 66 of the Amended Complaint.

## **FACTS**

67.     Defendant denies the allegations contained within Paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations contained within Paragraph 68 of the Amended Complaint, except admits that Cheetah Hallandale is located at 100 Ansin Blvd. in Hallandale, Florida.

69.     Defendant denies the allegations contained within Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations contained within Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations contained within Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations contained within Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations contained within Paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations contained within Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations contained within Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations contained within Paragraph 76 of the Amended Complaint.

77.     Defendant denies the allegations contained within Paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations contained within Paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations contained within Paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations contained within Paragraph 80 of the Amended Complaint.

81.    Defendant denies the allegations contained within Paragraph 81 of the Amended Complaint.

82.    Defendant denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.    Defendant denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.    Defendant denies the allegations contained within Paragraph 84 of the Amended Complaint, including its subsections (a) through (j).

85.    Defendant denies the allegations contained within Paragraph 85 of the Amended Complaint.

86.    Defendant neither admits nor denies the allegations contained in Paragraph 86 of the Amended Complaint, as it calls for a legal conclusion to which no response is required.

87.    Defendant denies the allegations contained within Paragraph 87 of the Amended Complaint.

88.    Defendant denies the allegations contained within Paragraph 88 of the Amended Complaint.

89.    Defendant admits it has been in business for 14 years and denies the remaining allegations contained in Paragraph 89 of the Amended Complaint as phrased.

90.    Defendant neither admits nor denies the allegations contained in Paragraph 90 of the Amended Complaint, as it calls for a legal conclusion to which no response is required.

91.     Defendant denies the allegations contained within Paragraph 91 of the Amended Complaint.

92.     Defendant admits it keeps employment records for its employees.

93.     Defendant denies the allegations contained within Paragraph 93 of the Amended Complaint.

94.     Defendant denies the allegations contained within Paragraph 94 of the Amended Complaint.

95.     Defendant denies the allegations contained within Paragraph 95 of the Amended Complaint.

96.     Defendant denies the allegations contained within Paragraph 96 of the Amended Complaint.

97.     Defendant denies the allegations contained within Paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations contained within Paragraph 98 of the Amended Complaint.

## COUNT I: VIOLATIONOF 29 U.S.C. § 207

99.     Defendant repeats and reasserts its responses to Paragraphs 1 through 98 of the Amended Complaint as though fully set forth herein.

100.    Defendant denies the allegations contained in Paragraph 100 of the Amended Complaint because it maintains no such "practice."

101.    Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

CASE NO.: 15-62152-CIV-DIMITROULEAS

## COUNT II:  VIOLATION OF 29 U.S.C. § 206

102.    Defendant repeats and reasserts its responses to Paragraphs 1 through 98 of the Amended Complaint as though fully set forth herein.

103.    Defendant denies the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint and notes it is inconsistent with Plaintiffs' allegations in Paragraphs 82 and 92 of the Amended Complaint.

106.    (a)-(k).  Defendant states that "federal law" speaks for itself.

107.    Defendant denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Amended Complaint.

## COUNT III: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

109.    Defendant repeats and reasserts its responses to Paragraphs 1 through 98 of the Amended Complaint as though fully set forth herein.

110.    Defendant denies that Plaintiffs were employees of Defendant.

111.    Defendant denies the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Defendant admits that counsel for Plaintiffs served it with the letter attached to the Complaint as Exhibit F.

115.    Defendant admits it did not pay Plaintiffs the nearly $6 Million dollars demanded in their attorney's demand letter, and more than 15 days have passed since receipt of the demand letter.

116.    Defendant denies the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Amended Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

119.    Defendant repeats and reasserts its responses to Paragraphs 1 through 98 of the Amended Complaint as though fully set forth herein.

120.    Defendant denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Defendant denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of the Amended Complaint.

CASE NO.: 15-62152-CIV-DIMITROULEAS

123.    Defendant denies the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Defendant denies the allegations contained in Paragraph 128 of the Amended Complaint.

129.    Defendant denies the allegations contained in Paragraph 129 of the Amended Complaint.

130.    Defendant denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Defendant denies the allegations contained in Paragraph 131 of the Amended Complaint.

132.    Defendant denies the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendant denies the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Amended Complaint and specifically denies that the job title of Dancers/Entertainers exists at the club.

135.    Defendant denies the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendant denies the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the Amended Complaint.

## FLORIDA CLASS ACTION ALLEGATIONS

140.    Defendant repeats and reasserts its responses to Paragraphs 1 through 98 of the Amended Complaint as though fully set forth herein.

141.    Defendant avers that Plaintiffs purport to sue on their own behalf and on behalf of a purported class of persons under Rule 23.

142.    Defendant avers that Plaintiffs purport to bring a Florida Minimum Wage Claim on behalf of themselves and others who were employed by Defendants within five years of the filing of the Complaint who were entertainers and not paid the minimum wage, except denies that any such individuals exist.

143.    Defendant denies the allegations contained in Paragraph 143 of the Amended Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of the Amended Complaint.

145.    Defendant denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations contained in Paragraph 147 of the Amended Complaint.

148.    Defendant avers that Plaintiffs are pursing this action and retained counsel to represent them.

149.    Defendant denies the allegations contained in Paragraph 149 of the Amended Complaint.

150.    Defendant denies the allegations contained in Paragraph 150 of the Amended Complaint, including subparts (a)-(g).

Each and every allegation not specifically admitted by Defendant is denied.

## **JURY DEMAND**

151.    Defendant avers that Plaintiffs demand a trial by jury on all issues so triable, except denies there exist any triable issues in this matter.

### PRAYER FOR RELIEF

152.    Defendant denies that Plaintiffs, the FLSA Class Members and the Florida Class Members are entitled to any of the relief sought in Paragraph 152 of the Amended Complaint, including all of its subparts (a) through (m).

### STATEMENT OF AFFIRMATIVE DEFENSES

### GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted in this pleading.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because none of the named Plaintiffs in this action ever performed work and/or services at Cheetah Hallandale.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because the acts and omissions complained of were made in good faith and Defendant had reasonable grounds for believing its acts or omissions were not violations of the FLSA.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because the acts and omissions complained of were made in good faith and Defendant had reasonable grounds for believing its acts or omissions were not violations of the Florida Minimum Wage Act ("FWA").

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs'[1] claims are barred in that they performed as entertainers at Defendant's business establishment and entered into oral and/or written agreements with Defendant agreeing that the business relationship was not that of an employer/employee.  Therefore, no putative class members were employees of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, the FLSA Class Members, and the Florida Class Members claims under the FLSA are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, the FLSA Class Members, and the Florida Class Members claims for liquidated damages should be denied, in whole or in part, because in the event violations of the FLSA did occur, which they did not, Defendant's actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing the actions were not violations of the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Plaintiffs and any putative class members who performed as entertainers did so as tenants and/or independent contractors and therefore neither the provisions of the Fair Labor Standards Act ("FLSA") nor state wage and hour laws apply to Plaintiffs' claims.

---

[1] The term "Plaintiffs" as used within these Affirmative and other Defenses includes claims of the alleged FLSA and Florida Class Members.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the Plaintiffs lack standing to pursue these claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to their own breaches of contract.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as they were the first breaching party.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to by the doctrine of accord and/or satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because money collected from the sale of dances were not a tip or gratuity, but rather were a mandatory service charge.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as Plaintiffs earned more than minimum wage, and neither the FLSA nor state law provide a remedy for the mere act of misclassification.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in that the FLSA does not apply to independent contractors and/or tenants who work for their own advantage on the premises of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to their own failure to conform to the obligations of employees.

CASE NO.: 15-62152-CIV-DIMITROULEAS

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in that the presentation of claims pursuant to both Rule 23 and the FLSA would present improper confusion, irreconcilable conflict, lack of manageability and prejudice to both the putative class and Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot be certified as a Rule 23 class or Rule 216(b) collective action as:  (a) the Amended Complaint lacks an identifiable ascertainable class; (b) the putative class lacks commonality; (c) a class and/or collective action is not the superior method of adjudicating these disputes; (d) Plaintiffs are not representatives of the putative class; (e) Plaintiffs are not typical of the putative class, as they never even worked at Cheetah Hallandale; (f) there is no common question or law or facts; (g) Plaintiffs are not similarly situated to the putative class members; (h) Plaintiffs' claims are antagonistic to the best interest of the class; (i) class treatment does not benefit the Court or parties; (j) questions of fact and/or law do not predominate this action; (k) damages are unique, individualized, and nominal; and (l) proofs necessary to prove the claims of Plaintiffs and members of the putative class are individualized.

## EIGHTEENTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

## NINTEENTH AFFIRMATIVE DEFENSE

Defendant seeks a good-faith extension of the law, such that Plaintiffs', the FLSA Class Members', and the Florida Class Members' claims are barred, in whole or in part, based on the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that Defendant exercised reasonable care to prevent and promptly correct any violation of the FLSA, and

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.  Defendant acted, and continues to act, in conformity with and in reliance upon the FLSA and any and all other applicable law(s), rule(s) and/or regulation(s).   Based upon the written agreement between Defendant and named Plaintiffs, they were properly paid for dances they performed at the club.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in Plaintiffs' Complaint, or any period of time alleged later in this action, predates the limitations period set forth in 29 U.S.C. § 255(a), such claims are barred.  This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Any amounts due to Plaintiffs and the putative class members should be set off by payments received by them from Defendant.

Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered the Amended Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court: (a) dismiss with prejudice the Amended Complaint in its entirety; (b) award Defendant its costs, disbursements, and attorneys' fees; and (c) award Defendant such other and further relief as this Court may deem just and appropriate.

CASE NO.: 15-62152-CIV-DIMITROULEAS

Dated: December 10, 2015
       Miami, Florida

Respectfully submitted,

By: s/ Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *jennifer.schwartz@jacksonlewis.com*
Michael S. Kantor, Esq.
Florida Bar No. 90472
E-mail: *michael.kantor@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Counsel for Defendant The Set Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Michael S. Kantor
Michael S. Kantor, Esq.

CASE NO.: 15-62152-CIV-DIMITROULEAS

## SERVICE LIST

Jack Morgan, Esq.
Florida Bar No. 126527
Scott J. Hertz, Esq.
Florida Bar No. 98552
2320 First Street
Suite 1000
Fort Myers, Florida 33901
Tel: 239-338-4218
Fax: 239-337-3850
E-mail:
jmorgan@ralaw.com
serve.jmorgan@ralaw.com
shertz@ralaw.com
serve.shertz@ralaw.com

John B. Gallagher, Esq.
Florida Bar No. 271225
2631 East Oakland Park Boulevard
Suite 201
Fort Lauderdale, Florida 33306
Tel: 954-524-1888
Fax: 954-524-1887
E-mail: gal2701@aol.com

ATTORNEYS FOR PLAINTIFFS

Served via transmission of Notices of
Electronic Filing generated by CM/ECF

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: Jennifer.schwartz@jacksonlewis.com
Michael S. Kantor, Esq.
Florida Bar No. 90472
E-mail: Michael.kantor@jacksonlewis.com
JACKSON LEWIS PC
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

ATTORNEYS FOR DEFENDANT
The Set Enterprises, Inc.

Served via transmission of Notices of
Electronic Filing generated by CM/ECF

4811-2881-4124, v. 1

23