UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62152-WPD

SARAH SHAW, REBECCA WILES, )
JENNIFER SCOTT, and ASHLEY )
HOWELL, Individually, and on Behalf of All )
Others Similarly Situation, )
)
         Plaintiffs, )
)
v. )
)
THE SET ENTERPRISES, INC., a Florida )
Corporation, et al. )
)
         Defendants. )
)

### ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION
### OF FLSA COLLECTIVE ACTION

THIS CAUSE is before the Court upon Plaintiffs' Motion for Conditional Certification of FLSA Collective Action and Authorization to Send Notice to the FLSA Class (the "Motion") [DE 125], filed herein on October 19, 2016. The Court has considered the Motion [DE 125], the Response [DE 129], and the Reply [DE 133], and is otherwise fully advised in the premises.

**A.     BACKGROUND**

The parties to this action are Plaintiffs Sarah Shaw, Rebecca Wiles and Ashley Howell, and Defendants The Set Enterprises, Inc. d/b/a Cheetah Hallandale Beach, Faneuil Enterprises, Inc. d/b/a Cheetah Pompano, and Jose (Joe) Rodriguez, owners of adult entertainment clubs known as Cheetah Hallandale and Cheetah Pompano (collectively, "Cheetah"). Plaintiffs were formerly exotic dancers (entertainers) at Cheetah during the 3 years prior to the filing of this action.

Plaintiffs allege that Defendants failed to comply with the FLSA because Defendants classify entertainers as independent contractors and Defendants do not pay entertainers a minimum wage or overtime wages.  Plaintiffs argue that entertainers are in fact employees of Cheetah, as opposed to independent contractors, and accordingly that entertainers must be paid both minimum and overtime wages as required by applicable federal and state statutes.  Plaintiffs also allege that Defendants improperly siphoned entertainers' tips by requiring them to share tips with other employees who are not eligible to participate in a tip pool, and by requiring entertainers to pay numerous fees to their employers.

Plaintiffs, on their own behalf and on behalf of all others similarly situated, initiated this action against Defendants on October 13, 2015, and filed an Amended Complaint on November 23, 2015. *See* [DE's 1, 20].  Plaintiffs seek damages in the amount of all unpaid minimum wages and overtime compensation that they should have received during their employment at Cheetah, as well as misappropriated tips and funds, liquidated damages, attorney's fees, and costs.  Through the instant Motion [DE 125], Plaintiffs seek this Court's permission for the action to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

**B.     DISCUSSION**

Section 216(b) of the FLSA provides that an action for unpaid overtime compensation may be maintained by "any one or more employees for and in behalf of [themselves] . . . and other employees similarly situated."  29 U.S.C. § 216(b).  "The purposes of § 216(b) collective actions include '(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct.'" *Alequin v. Darden Restaurants, Inc.*, No. 12–61742–CIV, 2013 WL 3939373, at *1 (S.D. Fla. July 12, 2013) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264–65 (11th

Cir. 2008)). However, "[u]nlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, a class action brought under the FLSA can include only those plaintiffs who affirmatively opt into the action by filing their consent in writing in the court in which the action is brought." *Id.* at *2.

The Eleventh Circuit endorses the use of a two-tiered approach to certification in § 216(b) actions. *Id.* (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). The first stage—also called the "notice stage" or "conditional certification"—occurs during discovery. *Id.*[1] "At this stage, a court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are similarly situated with respect to their job requirements and with regard to their pay provisions." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283-83 (S.D. Fla. 2012) (internal quotations omitted). If the court approves conditional certification, "the court will conditionally certify a class and allow plaintiffs to send notice to similarly situated potential plaintiffs." *Id.* at 1283. The second stage occurs if/when the employer moves for decertification of the class. *Morgan*, 551 F.3d at 1261. "At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Id.*

Here, Plaintiffs seek conditional certification pursuant to the first stage. Upon consideration of the arguments presented, for purposes of the first-tier of the *Hipp* approach, the Court concludes that Plaintiffs have provided sufficient evidence that the proposed collective members are similarly situated and that other employees wish to opt in, to merit conditionally certifying the collective action and authorizing opt-in notification to potential collective action

---

[1] The instant Motion [DE 125] was filed on October 19, 2016, more than one month before the November 28, 2016 discovery cutoff set in the Court's Scheduling Order. *See* [DE 47].

members.  First, Plaintiffs have provided evidence that a sufficient number of plaintiffs desire to proceed, as there are currently three entertainers who formerly worked for Defendant who are participating as party Plaintiffs.  *See Lemming v. Sec. Forces, Inc.,* No. 8:10-CV-1469-T-23AEP, 2010 WL 5058532, at *1 (M.D. Fla. Dec. 6, 2010) ("The number of plaintiffs necessary to demonstrate a desire to opt in is not many, sometimes as few as two, three, or four."); *Bennett*, 880 F. Supp. 2d at 1283 ("Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to rais[e] the Plaintiff's contention beyond one of pure speculation." (citing *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006)) (quotations omitted)).  Second, there is a reasonable basis to believe that the additional employees are similarly-situated to Plaintiffs.  Plaintiffs introduce evidence that approximately 300 entertainers worked at Cheetah during the last three years, all of whom were classified by Defendants as independent contractors, were not paid a minimum wage or overtime wages by Defendants, and were required by Defendants to share their tips with other employees and to pay fees to Defendants.  Given the similarities in job duties and pay provisions, there is a reasonable basis to conclude, at this stage, that these potential opt-in plaintiffs are similarly situated.  *See Bennett*, 880 F. Supp. 2d at 1285 ("At this stage, the relevant inquiry is whether or not Plaintiffs and these putative class members are similarly situated with respect to their job requirements and with regard to their pay provisions." (internal quotations omitted)).

**C.**     **The Proposed Notice**

Court-authorized notice in a class action context helps to prevent "misleading communications," and ensures that the notice is "timely, accurate, and informative." *Hoffmann- LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171,172 (1989).

In this case, the Court sustains Defendants' objections as to the issue that the proposed notice fails to fully advise potential collective action members of the consequences of opting in to the lawsuit. *See White v. Subcontracting Concepts, Inc.*, 2008 WL 4925629 (M.D. Fla. November 14, 2008) (approving of the proposed notice except to the extent it fails to warn potential class members of "the consequences of opting in, including liability for indemnification, attorney's fees and costs."). The proposed Notice must inform potential opt-in plaintiffs that Defendants may attempt to recover their costs from them if the lawsuit is unsuccessful, and that potential collective action members may be required to participate in discovery and to appear for deposition and/or for a trial in Fort Lauderdale, Florida. The Court overrules the remainder of the objections Defendants raise as to the proposed notice.

**D.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Motion [DE 125] is hereby **GRANTED IN PART**;

2.     The Court hereby conditionally certifies an FLSA collective action consisting of all current or former entertainers who worked for Cheetah Hallandale and Cheetah Pompano during the three years preceding the filing of this action through and including the date of entry of judgment in this case;

3.     **The Court hereby instructs the parties to confer and to submit a joint proposed notice on or before December 12, 2016**;

4.     Within fourteen (14) days of the Court's entry of an order approving the joint proposed notice, Defendants shall provide Plaintiffs' counsel with legal and/or stage name, last known address, phone number, email address, and phone number of the entertainers (however that position is titled) who work, or previously worked, for the two Cheetah clubs at issue on or

after October 13, 2012.  This information shall be treated as confidential and used for no purpose other than facilitating notice as described herein;

5. Within fourteen (14) days of the Court's entry of an order approving the joint proposed notice, Defendants shall post, in a conspicuous place in the dressing rooms that are frequented by any and all potential collective action members currently performing at Cheetah, a copy of the Notice.

6. Within ten (10) business days after receiving the information regarding potential collective action members from Defendants, Plaintiffs' counsel shall send copies of the Notice [DE 125-1]; Consent [DE 125-2]; and Information Sheet [DE 125-3] —via first class mail and/or email, to each potential collective action members identified by Defendants and to and potential collective action members who contact Plaintiff's counsel as a result of the publication of the Notice.   This notification shall occur at the sole cost and expense of the Plaintiffs.

7. Plaintiff's counsel is authorized to publish, and republish, copies of the Notice [DE 125-1]; Consent [DE 125-2]; and Information Sheet [DE 125-3] in local printed media and social media of its choosing, as well as on the website of class counsel, John B. Gallagher (EntertainersHaveRights.com) and on any websites maintained by a Court-approved Claims Administrator, if any;

8. Plaintiffs' counsel is permitted to send one follow-up postcard to any potential collective action member who has not responded thirty days after the mailing of the initial notice;

9. If a Notice is returned as undeliverable, Plaintiffs' counsel may take reasonable steps to obtain the correct address and shall be authorized to attempt to re-mail and/or email the Notice;

6

10. The time period for opting into this action will be forty-five (45) days from the date notice is mailed as referenced in Paragraph 6, *supra*. In order to be timely, consent forms must be signed by the opt-in plaintiff, dated, and filed with the Court by the 45th day after notice is mailed;

11. Within two (2) days of mailing notice, Plaintiffs' counsel shall file with the Court and serve on Defendants' counsel a Certification as to the date on which notice was mailed to the individual potential collective action members; and

12. Within seven (7) days of receiving a signed opt-in consent form, Plaintiffs' counsel shall provide a copy of said consent form to Defendants' counsel.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of December, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record