# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 15-62152-CIV-DIMITROULEAS/SNOW**

SARAH SHAW, REBECCA WILES,
and ASHLEY HOWELL, individually
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

THE SET ENTERPRISES, INC., a
Florida Corporation, *et al.*

      Defendants.

_____/

**DECLARATION OF JOHN B. GALLAGHER IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS,
PRELIMINARY APPROVAL OF RULE 23 SETTLEMENT, APPOINTMENT OF
PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPROVAL OF THE
PROPOSED NOTICES OF SETTLEMENT AND CLASS ACTION
SETTLEMENT PROCEDURE**

I, JOHN B. GALLAGHER, declare under penalty of perjury, pursuant to 28

U.S.C. § 1746, as follows:

    1.    My name is JOHN B. GALLAGHER. I am over the age of eighteen (18)

and competent to testify as to the matters stated herein.

    2.    I am a sole practitioner with my own law firm, JOHN B.

GALLAGHER, P.A. ("JBG"), in Fort Lauderdale, Florida.

    3.    As a substantial part of my law practice I am responsible for prosecuting, as

lead counsel, federal and state labor and employment claims, including claims arising

under the Fair Labor Standards Act ("FLSA"), and various parallel state and local

municipal wage and hour laws, among others.

1

4.     Along with Andrew R. Frisch of Morgan & Morgan, P.A. ("M&M") and Jack C. Morgan, III of Aloia Roland & Lubell, PLLC ("ARL"), I was/am lead counsel in the matter of *Shaw, et al. v. The Set Enterprises, Inc., et al.* (Case No. 0:15-cv-62152-WPD).   To that end, Mr. Frisch, Mr. Morgan, and I were the attorneys primarily responsible for the litigation on behalf of Sarah Shaw, Rebecca Wiles, Ashley Howell, the FLSA opt-in Plaintiffs, and the proposed settlement class.

5.     We undertook this representation on a purely contingent basis. Moreover, because our firms have finite resources, our acceptance of this case precluded me/us from accepting other wage and hour class/collective actions.

6.     Neither M&M nor ARL nor I, have received compensation for the services we have rendered in this case to date, from any source.

### Counsel's Background and Experience

7.     I am also "of Counsel" in the law firm of Stephen J. Riley, PA which is also located in Fort Lauderdale, Florida.

8.     I previously practiced law as an associate in the law firm of Seyfarth Shaw LLP, one of the largest employment law specialty firms in the United States.

9.     I have been a member of good standing in the Florida Bar since 1979.

10.     I completed my undergraduate studies at the University of Florida in 1976, and was granted my juris doctorate from the University of Florida in 1978.

11.     I am admitted to the bars of the United States District Court for both the Middle and Southern Districts of Florida.

12.     I have been practicing law since April, 1979.

13.     My practice is almost exclusively civil litigation.

14.     I have significant experience in litigating wage and hour class and collective actions.

15.     I was co-counsel for the defense in a major class action seeking unpaid wages for entertainer/dancers. *See Encarnacion et. al. v. J.W. Lee, Inc. et. al.* Case No. 14-CIV-61927 (S.D. Fla.) (where the Court granted final approval of the class settlement on 10/12/15).

16.     I am, or was, lead counsel for plaintiffs-- along with Jack Morgan, Esq. as co-counsel-- in the following wage claim class actions that were/are seeking unpaid minimum and overtime wages on behalf of current and former entertainer dancers in the state of Florida:  *Monteverde et. al.  v. West Palm Beach Food and Beverage, LLC et. al.*, Case No. 15-cv-81203 (S.D. Fla.)(where the court ordered a stay pending arbitration); *DeCastro et.al. v. West Palm Beach Food and Beverage, LLC et. al.,* Case No. 50-2016-CA-004716 (Fla. 15th Cir. Ct.) (class allegations pending); *Ormeno et. al. v. S&J Crazy Lizards Entertainment, LLC et. al.,* Case No. 9:15-CV-81726 (S.D. Fla.)(where the case is stayed pending arbitration); *Tennant et. al. v. N. Franze Hospitality LLC et. al,* Case No. 8:15-cv-2372 (M.D. Fla.) (where the court issued a stay pending arbitration); *Vellucci et.al. v. JBM Management of Tampa, Inc.,* Case No. 201-CA-003706 (Fla. 13th Cir. Ct.)(class allegations—case pending); *Wilson et. al. v. Teasers Cocoa, Inc.,* Case No. 6;16-CV-00062 (Fla. 18th Cir. Ct.)(class alleged – individual claims concluded); *Alvarado et. al. v. Robo Enterprises, Inc. et. al.,* Case No. 6;15-CV-1420 (M.D. Fla.) (class allegations—case pending); *Antonowicz et. al. v.  Robo Enterprises, Inc. et. al.,* Case No. 05-201-CA-031694-XXXX-XX (Fla. 18th Cir. Ct.) (class allegations—case pending); *Tavarez v. Clayton Hospitality Group, Inc. et. al,* Case No.  2016-CA-005076-O (Fla. 9th Cir. Ct.) (class action allegations—case pending); *Koppenhoefer v. C&L Hospitality Group, Inc. et.*

3

*al,* Case No. 2016-CA-005805-O (Fla. 9th Cir. Ct.) (class action allegations—case pending); *Tapia et. al. v. Doll House, Inc. et. al,* Case No. 2015-CA-3222-O (Fla. 9th Cir. Ct.) (class action allegations—case pending); *Tavarez v Rameses Inc. et.al* Case No. 2016-CA-005075-O (Fla. 9th Cir. Ct.) (class action allegations—case pending); and *Kenny v. Star's World Class Men's Club, LLC. et. al,* Case No. 2016-CA-010413-O (Fla. 9th Cir. Ct.) (class action allegations—case pending).

17.    Additionally, I am was, or currently am,  lead counsel for various claimants--along with Jack Morgan, Esq. as co-counsel-- in multiple arbitration claims, which are currently pending, and which are claiming unpaid minimum wage and overtime wages for multiple entertainer/dancers similar to the instant case.

## I. PROCEDURAL HISTORY

### A.    Litigation.

18.    Plaintiffs commenced this case by filing a Complaint on October 13, 2015 alleging violations of the FLSA.

19.    Thereafter, they filed an Amended Class and Collective Action Complaint on November 23, 2015, in which they added class action claims under the Florida Constitution ("FLMWA"). *See* Frisch Decl. ¶ 20; D.E. 20.

20.    Subsequently, Plaintiffs moved for conditional certification of a collective action under the FLSA and sought to send Court-approved notice to all Entertainers similarly situated to them. *See* Frisch Decl. ¶ 20; D.E. 125.

21.    The Court granted Plaintiffs' Motion for Conditional Certification in part by Order dated December 5, 2016. *See* Frisch Decl. ¶ 20; D.E. 134.

22.    37 additional Entertainers (40 total including the named Plaintiffs) opted in to the case by filing their consents to join prior to the expiration of the opt-in period. *See*

Docket, generally.

23.    On December 28, 2016, Defendants filed their Motion for Summary Judgment. D.E. 150.  Plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment on January 11, 2017.  D.E. 160.

24.    Thereafter, Defendants filed their Reply on their Motion for Summary Judgment on February 10, 2017.  D.E. 173.

25.    By Order dated March 17, 2017, the Court granted in part and denied in part Defendants' Motion for Summary Judgment.  D.E. 186.

26.    Specifically, the Court held that Plaintiffs were employees subject to the coverage of the FLSA and not independent contractors, and that Defendants could not credit against Plaintiffs' wages the dance tips Plaintiffs were paid by patrons. *See id.*  The Court further held that Plaintiffs failed to create an issue of fact as to whether they worked in excess of 40 hours per week and therefore granted Defendants' Motion with regard to the named Plaintiffs' overtime claims. *Id.*

27.    Following the Court's Order on Defendants' Motion for Summary Judgment, on April 19, 2017, the Parties agreed to attend a settlement conference to be conducted by a Magistrate Judge and filed a Joint Motion for Order Referring the Parties to Attend a Settlement Conference before Magistrate Judge Edwin G. Torres or Jonathan Goodman. D.E. 200.

28.    At that settlement conference, the Parties fully resolved all pending claims on a class-wide basis. *See* Settlement Agreement attached to Gallagher Declaration as **Exhibit A.**

29.    In order to conform the pleadings to the scope of the Parties' settlement, Plaintiffs filed an amended operative Complaint, the Second Amended Complaint on May

15, 2017.

      **B.**    <u>Discovery</u>.

      30.    During the course of discovery and as part of settlement negotiations, Defendants made thousands of pages of documents and computer records available to Plaintiffs and their expert accountant.

      31.    These documents included corporate policies, Entertainer onboarding documents, independent contractor and licensee agreements between most class members and one or more of the Defendants, internal records pertaining to the period of time each class member performed at one of the Nightclubs, and Entertainer rosters.

      32.    The Parties also conducted 14 depositions, including the depositions of the corporate representative for several of the Defendants and twelve of the Plaintiffs and opt-in Plaintiffs.

      33.    In addition, Plaintiffs' counsel interviewed many of the opt-in Plaintiffs regarding the alleged wage violations at issue in the case.

      **C.**    <u>Settlement Negotiations and Mediations</u>.

      34.    On March 7, 2017, the Parties participated in a half-day mediation in Fort Lauderdale, Florida, with the assistance of Mediator, Cindy Hannah. *Id.,* ¶ 25.

      35.    Ms. Hannah is a very knowledgeable and skilled wage and hour class action mediator. *Id.,* ¶ 26.

      36.    Ultimately, the parties were unable to reach a settlement at mediation and the mediation reached an impasse. *Id.,* ¶ 28.

      37.    Subsequent to the half-day mediation, the Parties continued their settlement discussions. However, they were still unable to reach an agreement to resolve the instant claims.

38.     Following the Court's Order on Defendants' Motion for Summary Judgment, on April 19, 2017, the Parties commenced renewed settlement talks, and agreed to attend a settlement conference to be conducted by a Magistrate Judge and filed their Joint Motion for Order Referring the Parties to Attend a Settlement Conference before Magistrate Judge Edwin G. Torres or Jonathan Goodman. *See* D.E. 200.

39.     In the three (3) weeks leading up to the Magistrate-conducted settlement conference, the Parties engaged in intense settlement negotiations, regarding both the monetary recovery and the material non-monetary terms.

40.     To that end, the Parties exchanged half a dozen drafts and counter-drafts of material terms in the three (3) weeks prior to the settlement conference.

41.     At the settlement conference, the Parties fully resolved all pending claims on a class-wide basis. *See* Settlement Agreement attached as **EXHIBIT A.**

## II.  TERMS OF SETTLEMENT

### A.     The Settlement Fund.

42.     Defendants have agreed to create a settlement fund of up to $1,900,000.00 ("the Fund"). *See* Settlement Agreement, ¶ 1.

43.     The Fund will cover all awards to class members, Court-approved attorneys' fees and, Court-approved service payments to the three (3) named-Plaintiffs, and 1/3 of the costs of administering the settlement (to the extent fewer than 101 class members submit valid claims). *Id.*, ¶ 16.

### B.     Release.

44.     Class Members who do not opt out of the settlement will release all Florida wage and hour claims that were brought in the litigation or that are based on the same facts and circumstances as the claims in the litigation.

7

45.    In addition to releasing their Florida wage and hour claims, all Class Members, including Sarah Shaw, Rebecca Wiles, and Ashley Howell, who timely submit a claim will acknowledge that their FLSA claims have been fully paid and resolved, and will release their respective state wage and hour claims. *Id.*.[1]

### C.    E l i g i b l e Class Members.

46.    The Rule 23 class consists of approximately 4,500 current and former Entertainers who performed at one of the Nightclubs at any time between October 2010 and June 2017. *Id.,* ¶ 5.

### D.    A l l o c a t i o n  Fo r m u la.

47.    Class members who timely submit claim forms, and those who have submitted a consent to join the FLSA case, will be paid pursuant to an allocation formula based on the period of time they performed at a Nightclub during the applicable limitations periods, and specifically, the number of days they performed as an Entertainer at one of the Nightclubs within the class period. *Id.* ¶ 2.

48.    Class members who timely submit claim forms, and those who have submitted a consent to join the FLSA case will receive $64.00 per day worked, as indicated on Defendants' records. *Id.* ¶ 3.

49.    IRS Forms W-2 and 1099-MISC shall be issued by the appropriate Defendants to each Plaintiff and to each Class Member to whom compensation is found to be owed pursuant to the settlement terms, as applicable under IRS regulations. *Id.* ¶ 8.

50.    Pursuant to the allocation formula, Rule 23 class members will receive a

---

[1] Participating Class Members who do not submit a claim will release their Florida wage

minimum of $64.00 if they performed for at least three days or more during the class period. *See id,* ¶ 3.

51.    To the extent Defendants are unable to locate records pertaining to the number of shifts a class member performed during certain periods of time, such class members shall be allocated $256 per month for such months in which there are no records, with a maximum payout for a full year without records of $3,000 per year. *Id.,* ¶ 2.

52.    However, this maximum shall not apply to periods where Defendants have records. *Id.*

E.    **A t t o r n e y s ' F e e s a n d L i t i g a t i o n C o s t s**.

53.    Plaintiffs' counsel will apply for approximately twenty-one and a half (21.5%) of the Fund as attorneys' fees ($400,000.00) and costs.[2] *Id.,* ¶ 4.

---

and hour claims, but by law cannot release FLSA claims they may have.

[2] This is within the range of typical fee award in a common fund case. *See, e.g., Seghroughni v. Advantus Rest., Inc.,* 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) ("An attorney's fee… which is one-third of the settlement fund… is fair and reasonable in light of the results obtained by the Lead Counsel, the risks associated with this action, the Lead Counsel's ability and experience in class action litigation, and fee awards in comparable cases."); *Wolff v. Cash 4 Titles,* 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012)("One-third of the recovery is considered standard in a contingency fee agreement."); *Willix v. Healthfirst, Inc.,* 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) ("Class Counsel's request for 33 1/3% of the fund is reasonable and 'consistent with the norms of class litigation…' ") (quoting *Gilliam v. Addicts Rehab. Ctr. Fund,* 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); *Hosier v. Mattress Firm, Inc.,* 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) (approving a common fund FLSA settlement which provided 30% of the common fund for attorneys' fees and costs); *Morefield v. NoteWorld, LLC,* 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.,* 2011 WL 6846747, at *6 (M.D. Fla.   Dec. 29, 2011)(approving class settlement with one-third of maximum common fund apportioned as attorneys fees; *Gutter v. E.I. DuPont De Nemours & Co.,* No. 1:95–cv–02152–ASG, D.E. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees ($1,201,728.42) because they expended significant time and resources on a purely contingent basis under the common fund theory); *In re Terazosin Hydrochloride Antitrust Litig.,* No. 1:99–md–01317–PAS, Doc. No. 1557 at

54.     Plaintiffs' counsel will file a formal motion for approval of fees and costs along with their motion for final approval of the settlement. *See* Fed. R. Civ. P. 23(h) & 54(d)(2).

F.     S e r v i c e Payments.

55.     In addition to their individual awards under the allocation formula, Plaintiffs Sarah Shaw, Rebecca Wiles and Ashley Howell, all of whom actively participated in the Litigation, will apply for additional payment of $5,000.00, payable from the common fund, in recognition of the services they rendered on behalf of the class ("Service Payments"). *See* Settlement Agreement, ¶ 13.

## III.     CLASS ACTION SETTLEMENT PROCEDURE

56.     Each of the respective Class members will receive an appropriate notice of their rights as part of the settlement procedures proposed by the Parties.  Attached hereto as **EXHIBIT B** is the proposed Notice of Class Action Settlement.

57.     Attached hereto as Exhibits C and D, respectively, are the Proposed Claim form and Proposed Opt-Out form.

58.     To date, prior to receiving formal notice of the settlement, all FLSA Class members, and Rule 23 Class members that I have spoken to have responded favorably regarding the terms of the settlement.

---

8–10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis).

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this **26th** day of June, 2017.

John B. Gallagher, Esquire

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | | |
|---|---|---|
| SARAH SHAW, REBECCA WILES, JENNIFER SCOTT, and ASHLEY HOWELL, Individually, and on Behalf of All Others Similarly Situated,<br><br>    **Plaintiff,**<br><br>**v.**<br><br>THE SET ENTERPRISES, INC., a Florida corporation and FANEUIL ENTERTAINMENT INC., a Florida Corporation, et al.<br><br>    **Defendants.** | § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 15-62152-CIV**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs **SARAH SHAW, REBECCA WILES,** and **ASHLEY HOWELL**, on behalf of themselves and on behalf of the Class Members as defined herein in paragraph five (5), on the one hand (Collectively the "Plaintiffs"), and **THE SET ENTERPRISE, INC.,** a Florida corporation, **FANEUIL ENTERTAINMENT, INC.,** a Florida corporation, and **CASABLANCA, LLC,** a Florida limited liability company on the other hand (collectively "Defendants" and/or "Cheetah")(Plaintiffs and Defendants collectively referred to as the "Parties") have reached a resolution. The Parties agree to the following material terms of the Settlement Agreement:

1. Defendants agree to create a maximum common settlement fund of One Million Nine Hundred Thousand Dollars $1,900,000.00, subject to the terms and conditions below, which includes $400,000.00 payable as reasonable attorneys' fees.

2. Pay-out to Plaintiffs and class members shall be on a claims made basis, with each class member to receive a proportional allocation from the common fund, to be based on the number of days that they worked within the relevant period (October 13, 2010 through the Effective Date); the number of days each entertainer Performed at Cheetah, for purposes of this Agreement, will be determined by the Claims Administrator in the following manner:

    (a) The allocations shall be determined first by looking at to Cheetah's "Dancer Sign In Sheets" (not "Dancer Schedules") for Hallandale, Pompano, and Palm Beach, and similar documents, if they exist for any of the periods at issue, and, those records shall control, and, the payment for said Claim will be calculated using those records and the number of performance dates reflected therein; or

    (b) For the periods where Cheetah has no records showing the number of days a class member performed, the payment shall be $256 per month, with a maximum payout for a full year without records of $3,000.00 per year; this maximum is not applicable to the periods where the Cheetah has the records set forth above.

3. Payments to Class Members shall be based on the number of days that they performed at Cheetah. Valid claims submitted shall be paid (subject to the maximum set forth in paragraph 2(b) above) based upon a uniform sixty-four dollars ($ 64.00) for each day it is determined following a review of the Claim Form (and supporting documentation verifying the class member performed at Cheetah) as well as any information provided by Defendants, that the Class Member performed at Cheetah Hallandale, Cheetah Pompano and/or Cheetah Palm Beach. Class Members' claims shall be paid in four equal quarterly payments starting ninety (90) days after the Effective Date and continuing every ninety (90) days thereafter until all four quarterly payments have been made in full. If the total amount of valid claims by Class Members exceeds the amount remaining in the common settlement fund after payments made in Paragraph 16(a)-(d).

4. Defendants agree that they will not object to Plaintiff's request for attorneys' fees of up to $400,000.00 to be paid out of the common settlement fund, as follows: (a) $250,000 payable within 45 days of the Effective Date; (b) the remaining $150,000 payable in 3 quarterly payments of $50,000 every ninety (90) days thereafter.

5. The Parties agree to define the class members as: any exotic dancer who worked at least three days or more at any of the clubs located at 497 NW 31st Avenue, Pompano Beach, Florida 33069 which goes by the trade name of "Cheetah Pompano", the club located at 100 Ansin Blvd., Hallandale, Florida 33009 which goes by the trade name of "Cheetah Hallandale") or, the club located at 3342 Shawnee Avenue, Palm Beach, Florida 33409 which goes by the name Cheetah Palm Beach, at any time from October 13, 2010 through the Effective Date of this Agreement.

6. Defendants, shall be jointly and severally liable for all amounts set forth in Paragraph 4 above;

7. No reapplication to perform at Cheetah for the Named Plaintiffs;

8. Defendants will issue a W-2 to each entertainer for one/half of the wage claim payment, and a 1099 for the other one/half of the wage claim payment plus any incentive bonus that is applicable, to each and every class member who submits a claim;

9. Within 15 days of execution of this Agreement, Defendants will provide Plaintiffs' counsel with contact information (names, addresses and email addresses) for the dancers who performed during the period of October 13 2010 through the present.  Within 45 days of the execution of this Agreement, the Defendants will provide any and all Dancer Sign In Sheets and similar documents (described above) in their care, custody or control, in electronic PDF format,  to Plaintiff's counsel so that settlement allocations can be calculated ;

10. Defendants will provide a draft settlement agreement to Plaintiff's counsel within seven (7) days; and within seven (7) days Plaintiffs will file an agreed Motion to file an Amended Complaint adding Cheetah Palm Beach as a Defendant in this lawsuit.

11. The Parties will file a Joint Motion for Preliminary Approval and Provisional Certification of a Settlement Class within thirty (30) days hereof;

12. Plaintiff's counsel to provide draft Notice of Settlement to Defense counsel within 7 days hereof;

13. The Parties agree to the following incentive awards:
    a. The three named Plaintiffs will each receive an incentive award of $5,000;
    b. All incentive awards to be paid within 45 days of the Effective Date.

14. The Parties agree to use a Class Administrator to distribute the settlement funds to class members who timely submit claims if 101 or more claims are timely submitted by class members.

In the event that 100 or fewer claims are timely submitted by Class Members, the parties agree to utilize a combination of Jackson Lewis' statistician (to be paid by Defendants) and Plaintiffs' CPA (to be paid out of the common fund) to calculate the allocations to the Class Members pursuant to paragraphs 2 and 3 above.  The costs of the mail-out to

the class members will be paid 1/3 out of the common fund and 2/3 by the Defendants. In addition, Defendants will be responsible for calculating and remitting any employer withholdings on wages paid to class members under this Agreement.

15. The Class Administrator fee, if one is retained, will be paid as follows: 1/3 of the cost will be paid by the Plaintiffs from the common fund and 2/3 will be paid by Defendants;

16. The common settlement fund shall include:
    a. 1/3 of the cost for the Class Administrator Fee as mentioned above;
    b. Incentive Awards to Named Plaintiffs ($5,000 each);
    c. Plaintiffs' Costs;
    d. Plaintiffs' Attorneys' Fees as defined in Paragraph 4 above;
    e. The Class Payouts.

17. In addition to the amounts payable for attorneys' fees pursuant to Paragraph 4 herein, Defendants shall fund the common settlement fund with an initial funding of $150,000 on or before the 30th day after the Effective Date. Defendants shall pay the balance required to fund the total amount of Class Members' claims, and all other obligations of the common fund set forth in paragraph 16 above, in four equal quarterly payments starting ninety (90) days after the Effective Date and continuing every ninety (90) days thereafter until paid in full.  To the extent that any eligible exotic dancer does not make a valid claim to become a Class Member, Defendants shall retain those dancer's portions of the common fund.  Named Plaintiffs and Opt-In Plaintiffs who already have submitted a consent to join need not submit a claim form to participate in this settlement.  Checks not cashed within 180 days of issuance shall be voidable by Defendants.

18. Class Members will have 60 days to submit their claims following the date that the Rule 23 class notice is mailed.

19. "Effective Date" is the date on which the Agreement becomes effective, which is the later of:  (1) thirty-one (31) days following entry of the Court's Final Order and Judgment approving the settlement if no appeal is taken of that Order; or (2) the Court's entry of a final order and judgment after resolution of any appeals.

[SIGNATURE PAGE TO FOLLOW ON PAGE 5]

Agreed by:

_____
SARAH SHAW, Class Representative

_____
REBECCA WILES, Class Representative

_____
ASHLEY HOWELL, Class Representative

_____
JOHN B. GALLAGHER, ESQ., Plaintiff and Class Members' Counsel

_____
JACK MORGAN, ESQ., Plaintiff and Class Members' Counsel

_____
ANDREW FRISCH, ESQ., Plaintiff and Class Members' Counsel


THE SET ENTERPRISES, INC.:                    CASABLANCA, LLC

_____              _____
By JULIE RODRIGUEZ                            By JOE RODRIGUEZ


FANEUIL ENTERTAINMENT, INC.:

_____
By JOE RODRIGUEZ

_____
JENNIFER SCHWARTZ, ESQ, Defense Counsel          DATED: 5/4/2017

_____

LUKE LIROT, ESQ, Defense Counsel

# EXHIBIT B

*UNITED STATES DISTRICT COURT -- SOUTHERN DISTRICT OF FLORIDA*

# Notice of Settlement of Class Action

***If you performed at Cheetah Pompano, Cheetah Hallandale and/or Cheetah Palm Beach  as an Exotic Dancer, a Proposed Class Action Settlement May Affect Your Rights.  You May Be Entitled to Cash Payments Over a 24-Month Period.***

***A United States Federal Court has authorized this Notice.***
***You are not being sued.***

You are receiving this notice because there is a proposed settlement of a class and collective action brought by Sarah Shaw, Rebecca Wiles, and Ashley Howell (referred to as the "Plaintiffs") against The Set Enterprises, Inc. (which does business as Cheetah Hallandale), Faneuil Entertainment, Inc. (which does business as CheetahPompano), and Casablanca, Inc. (which does business as Cheetah Palm Beach) (referred to as the "Defendants").  The lawsuit is captioned *Shaw, et al. v. The Set Enterprises, Inc., et al.*, Case No. 0:15-cv-62152-WPD, and is pending before Judge Dimitrouleas in the United States District Court for the Southern District of Florida.

In the lawsuit, the Plaintiffs have brought their claims on behalf of themselves and all other exotic dancers who performed at Cheetah Pompano, Cheetah Hallandale and/or Cheetah Palm Beach ("collectively the "Cheetah Nightclubs").  The lawsuit alleges that exotic dancers were misclassified as licensees and/or independent contractors and that the Defendants failed to pay minimum wages and overtime wages to the exotic dancers performing at the nightclubs.  The Defendants have denied that the exotic dancers were employees as that term is defined under wage and hour laws, and theydeny that the exotic dancers are owed unpaid minimum or overtime wages as alleged in the Plaintiffs' Complaint. The Court has not made a final determination on the merits of Plaintiffs' claims or the Defendants' defenses, but has determined that Plaintiffs were Defendants' employees.

Rather than continue to litigate these matters, the parties have reached a settlement.  The potential monetary value of the settlement is ($1,500,000.00) dollars, with an additional $400,000.00 for attorneys' fees and costs.  Pursuant to the terms of the settlement, exotic dancers who performed at Cheetah Pompano, Cheetah Hallandale and/or Cheetah Palm Beach between October 13, 2010 and June 30, 2017 (the "Class") may receive cash payments over a 24-month period, depending on the amount of time during which they performed at one or more of the Cheetah Nightclubs.

The Court has preliminarily approved the settlement.  However, settlement benefits cannot be distributed until after the Court grants final approval of the settlement and after any possible appeals are resolved.

The Court has certified the Class for settlement purposes as being:

All exotic dancers who worked at least three days or more at Cheetah Pompano, Cheetah Hallandale and/or Cheetah Palm Beach at any time from October 13, 2010 through June 30, 2017.

The time periods set forth in this definition are referred to as the "Class Period."

Your legal rights are affected by the Court's decision to certify a class, and you have a <u>choice</u> to make now.  Please read the following pages carefully, including the *Summary of Your Rights and Choices* and the *Settlement Benefits and My Options* sections, which are below.

## Summary of Your Rights and Choices:

*Your Legal Rights Are Affected Even If You Do Not Act.*

*Read This Notice Carefully.*

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| **Exclude Yourself** | You can elect to get out of the Class and keep your right to sue the Cheetah Nightclubs on your own in regard to the claims in the lawsuit.  To exclude yourself from participating in the Settlement, you **must** complete and return the attached Opt Out Form. | <u>**Postmarked by**</u> <br> _____ |
| **File Objection** | If you do not exclude yourself, you can remain a Class member and still write to the Court about why you disagree with the settlement. | <u>**Postmarked by**</u> <br> _____ |
| **Appear at A Hearing** | If you do not exclude yourself, you can remain a Class member and write to the Court about why you disagree with the settlement. | The Notice of Appearance Must be postmarked on or before _____ to appear at the final hearing on _____ at ____ am/pm at the Federal Courthouse in Fort Lauderdale, Florida. |
| **Do Nothing** | You **will** be bound by the terms of the Settlement and give up your right to sue the Cheetah Nightclub and all other Defendants on these claims, but receive no money. | |
| **Claim Your Settlement** | If you wish to be included in the class Settlement, you may receive | <u>**Postmarked by**</u> |

| Benefit | a cash payment by mailing in a completed Claim Form as instructed below. | |
|---------|---------------------------------------------------------------------------|---|

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

1. Why did I get this Notice? ..........................................................1
2. What is a Class Action? ............................................................1
3. What is the Class Action about? ..................................................1
4. Who are the Class Members? ......................................................2
5. Why is the Class Action Being Settled? .........................................2

SETTLEMENT BENEFITS AND MY OPTIONS

6. What are the Settlement Benefits? ...............................................2
7. What are my options to receive Settlement Benefits? ..........................3

REMAINING IN THE CLASS

8. What happens if I do nothing and stay in the Class? ...........................7
9. If I remain in the Class, what am I giving up? ..................................8

EXCLUDING YOURSELF FROM THE CLASS

10. Why would I want to be excluded from the Class? ..............................8
11. How do I exclude myself from the Class? .......................................8
12. How do I Object to the Settlement? ............................................9

THE LAWYERS REPRESENTING YOU

13. Do I have a lawyer representing my interests in this case? .....................10
14. How Will the Lawyers be Paid? .................................................11
15. How Will the Class Representatives be Paid? ...................................12

THE COURT'S FINAL APPROVAL HEARING

16. When and Where will the Court Decide Whether to Approve the Settlement? ........12

17. Do I have to attend the Hearing? ...........................................................................12

18. Can I have my lawyer appear at the Final Approval Hearing to tell the Court about my opinions regarding the Settlement? ...........................................................12

GETTING MORE INFORMATION

19. Where do I obtain more information? ......................................................................13

# BASIC INFORMATION

| 1.   Why did I get this Notice? |
|---|

The Court directed this Notice be sent to you because you may have performed as an exotic dancer at one or more of the Cheetah Nightclubs during the Class Period, and therefore may be entitled to benefits pursuant to the terms of the settlement.

If you are a member of the Class, the proposed settlement will affect your legal rights. Therefore, it is important that you read this notice carefully.  You have choices to make before the Court decides whether or not to finally approve the settlement.

| 2.   What is a Class Action? |
|---|

In a class action lawsuit, one or more people called "Representative Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims.  All these people together are a "class" or are "class members."  The court can determine whether it will allow a lawsuit to proceed as a class action.  If it does, a trial then decides the lawsuit for everyone in the class or the parties may settle without a trial.

In a class action, one court resolves the common issues for everyone in the Class - except for those people who choose to exclude themselves from the Class.

| 3.   What is this Class Action about? |
|---|

The lawsuit alleges that the Defendants, including Cheetah Pompano, Cheetah Hallandale and Cheetah Palm Beach, misclassified exotic dancers as non-employees and as a result of this misclassification the exotic dancers were not paid minimum wages and overtime compensation required under federal and Florida wage and hour laws.  The Defendants denied these allegations. TheCourt, however,determined that the Plaintiffs and other exotic dancers should have been classified as employees.

The Court has preliminarily approved the certification of the class of exotic dancers who performed at any of the Cheetah Nightclubs during the Class Period, at the Parties' request..

Plaintiffs and Defendants have reached a settlement in this case.  The Court has not ruled on the full merits of Plaintiffs' claims or on Defendants' defenses.  Rather, the Court has simply certified a settlement class and tentatively approved the proposed settlement.

| 4.   Who are the Class Members? |
|---|

1

In order to determine if you are entitled to benefits from this settlement, you first must determine if you are a Class Member, defined as:

**All exotic dancers who performed at for least one week at Cheetah Pompano, Cheetah Hallandale and/or Cheetah Palm Beach Nightclubs during the period October 13, 2010 through June 30, 2017.**

If you fall within definition of a Class Member, you may qualify for cash payments pursuant to the criteria set forth in the settlement agreement. If you are not a Class Member as described above, you do not qualify for settlement benefits.

| 5.   Why is the Class Action Being Settled? |
|---|

This matter is being settled because both sides have agreed to a settlement of this case in order to avoid the costs and risks of trial.

## SETTLEMENT BENFITS AND MY OPTIONS

| 6.   What are the Settlement Benefits? |
|---|

The settlement, if approved, provides monetary benefits to the Class. As part of the settlement, the Defendants have agreed to pay a maximum of $1,500,000.00, which shall be distributed among the Class Members based on the days and hours each Class Member worked, as set forth in the following section of this notice. Defendants have agreed to pay an additional maxiumum of $400,000.00 for attorneys' fees and costs.

Each Class Member that submits their claim form will receive a specified share of the settlement over a 24 month period, as set forth below. Therefore, it is very important that you tell us your new address and other contact information if your address or other contact information changes at any time during the payment period.

| 7.   What are my options to receive Settlement benefits? |
|---|

If you wish to receive payments from the settlement funds, **you must** file the Claim Form that is included with this notice. Only one claim form is needed, and only one form will be accepted.

Each exotic dancer electing to receive payments will be paid based on the amount of time she performed at one or more of the Cheetah Nightclubs during the Class Period, as follows:

For periods where Defendants have records showing the number of days a class member performed (i.e. "Dancer Sign-in Sheets" or similar documents), class members shall be paid

$64.00 for each day it is determined they performed within the Class Period for a maximum of $3,000.00 for a full year

For periods where Defendants have no records showing the number of days a class member performed, the payment shall be a maximum of $256 per month, depending on the dates provided by the class member, with a maximum payout for a full year without records of $3,000.00.   This maximum is not applicable to the periods where Defendants have the records, as identified in the settlement agreement.

The total amount due to each exotic dancer will be paid over 24 months in 4 equal payments following the Court's final approval of the settlement and conclusion of any appeals.

**YOU MUST SUBMIT A TIMELY CLAIM FORM TO RECEIVE CASH PAYMENTS.  If you elect to receive such payments, you will receive an IRS Form W-2 and Form 1099-MISC for the amount of the cash payments made to you if applicable in accordance with IRS regulations.  You will be responsible for the payment of federal and state taxes due as a result of the cash payments.**

Please read the Claim Form for more detailed instructions on how to submit a claim for cash payments.

**Summary:** To summarize, if you wish to remain in the Class and receive cash payments, then you **MUST** fill in the Claim Form and submit it to the Claims Administrator.

**You should seek the advice of a tax professional if you have any questions about the tax implication of this settlement.**

### REMAINING IN THE CLASS

| 8.   What happens if I do nothing and stay in the Class? |
| --- |

If you do nothing, you will be included in the Class, and you will be bound by the terms and conditions of the settlement.  However, you will not receive monetary compensation unless you elect to receive cash benefits as described herein.  If you do not make an election, any wage claim under the Fair Labor Standards Act will be preserved, but your claims under Florida law will have been waived.  Please read the Settlement Benefits and My Options section.

| 9.   If I remain in the Class, what am I giving up? |
| --- |

If the Court approves the settlement, you will have released all of the Cheetah Nightclubs and all other Defendants from any further state and federal law claims related to the matters raised in

3

this lawsuit, and you can't ever sue any of the Defendants about these issues based upon conduct that occurred prior to the effective date of the settlement.  If you do not elect to receive payments, any wage claim under the Fair Labor Standards Act will be preserved.  Should you have any questions about the scope of the release, you may contact Class Counsel.

## EXCLUDING YOURSELF FROM THE CLASS

| 10.  Why would I want to be excluded from the Class? |
| --- |

You do not have to take part in the settlement or be a member of the Class.  You can exclude yourself from the settlement by "opting out."  If you exclude yourself, you will not get the benefits of the settlement.  Any Court orders will not apply to you. By excluding yourself, you keep any right to file or proceed with a lawsuit against Defendants regarding the subject of the settlement.

If you have sued any of the Defendants and want to continue with your suit, you need to personally ask to be excluded from the Class.  If you exclude yourself, you will not be legally bound by the Court's judgments in this case.  Similarly, if you wish to start your own lawsuit against any of the Defendants, you must exclude yourself from the Class.  Should you do so, you will have to hire and pay your own lawyer for that lawsuit and prove your own claims.  If you do exclude yourself so you can start or continue your own lawsuit, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

| 11. How do I exclude myself from the Class? |
| --- |

If you are a member of the Class and wish to be excluded from the settlement, you must complete and personally sign the Opt-Out Form included with this notice, or send a written request, signed by you personally, which includes all of the following:

- Your legal name, current address and telephone number;
- The name and number of the lawsuit: *Shaw, et al. v The Set Enterprises, Inc. et al.*, Case No. 0:15-cv-62152-WPD; and
- A statement, signed personally by you, clearly stating that you want to be excluded from the Class.

All exclusion requests must be mailed first class United States mail, **postmarked on or before _____ to:**

> Settlement Administrator
> In re: Cheetah Nightclub Litigation
> -----------
> -----------

4

**Any request for exclusion must contain your personal signature, which shall be an indication to the Court that you wish to be excluded from the Class.**  You cannot exclude yourself by phone or email.  Further, if you do not follow these instructions properly or if you also submit a claim form, you will lose your right to exclude yourself.  There are no exceptions.

**UNLESS YOU PROPERLY SIGN AND TIMELY MAIL AN OPT OUT FORM OR REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION AGAINST CHEETAH NIGHTCLUBS REGARDING MATTERS RESOLVED IN THIS SETTLEMENT, EXCEPT FOR WAGE CLAIMS UNDER THE FAIR LABOR STANDARDS ACT.  SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| 12. How do I Object to the Settlement? |
| --- |

If you don't like the settlement, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  For example, you can say you don't think the settlement is fair or adequate, or that you object to the amount of the attorneys' fees, costs, or expenses. The Court will consider your views but may approve the settlement anyway.

You can object only if you do not exclude yourself from the Class (i.e, you do not opt out).  If you opt out, or exclude yourself you cannot object.

To object, either you or a lawyer of your own choosing must prepare an objection that contains all of the following:

1.  The name and title of the lawsuit: *Shaw, et al. v The Set Enterprises, Inc. et al.*, Case No. 0:15-cv-62152-WPD;

2.  A written statement of objections clearly specifying the grounds or reason for each objection;

3.  A statement of whether or not you or your lawyer will ask to appear at the Final Approval Hearing to talk about your objections, and, if so, how long you will need to present your objections; and

4.  Copies of documents (if any) you or your lawyer will present at the Final Approval Hearing.

Your objection must be filed with the Court and served on Class Counsel and Counsel for the Defendants **no later than _____.**  Any objection postmarked after that date will be rejected.

**To File an Objection with the Court, Mail Objection to:**

Clerk of the Court
United States District Court
Southern District of Florida, Miami Division
299 East Broward Boulevard #108
Fort Lauderdale, FL 33301

**To Serve Class Counsel, Mail Objection to:**

Andrew R. Frisch
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324

**To Serve Defendants' Counsel, Mail Objection to:**

Jennifer A. Schwartz
Jackson Lewis P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131

Objections postmarked after Monday, _____ will be untimely and may not be considered by the Court.

# THE LAWYERS REPRESENTING YOU

### 13.  Do I have a lawyer representing my interests in this case?

Yes.  The Court has appointed law firms to represent you and other Class Members. These lawyers are referred to as Class Counsel, and include:

| | |
|---|---|
| Andrew R. Frisch | MORGAN & MORGAN, P.A.<br>600 N. Pine Island Road, Suite 400 Plantation, FL 33324<br>Telephone:     (954) WORKERS<br>Facsimile:     (954) 327-3013<br>Email: afrisch@forthepeople.com<br>Website:<br>http://www.forthepeople.com/attorneys/andrew-r-frisch |

| Jack C. Morgan | ALOIA ROLAND & LUBELL, PLLC<br>2254 1st Street<br>Fort Myers, FL 33901<br>Telephone:  (239) 791-7950<br>Facsimile:  (239) 791-7951<br>Email: jmorgan@FloridaLegalRights.com<br>Website:<br>http://www.FloridaLegalRights.com |
|---|---|
| John B. Gallagher | JOHN B. GALLAGHER, P.A.<br>2631 East Oakland Park Boulevard<br>Fort Lauderdale, FL 33306<br>Telephone:  (954) 524-1888<br>Facsimile:  (954) 524-1887<br>Email: gal2701@aol.com |

You will not be charged directly by Class Counsel for their lawyers' services, but they will ask the Court to award them a fee from the Settlement.  More information about Class Counsel and their experiences is available at the websites listed above.

If you so desire, you may hire your own attorney.  However, you will be responsible for that attorney's fees and expenses.

## 14.  How Will the Lawyers be Paid?

The lawyers who represent the Class will ask the Court for reimbursement out of their pocket expenses and an award of attorneys' fees based on their work in this litigation.  The amount of attorneys' fees to be awarded will be determined solely by the Court.  Under the terms of the settlement agreement and subject to Court approval, Class Counsel can petition the Court for a fee of up to $400,000.00.

Attorney fees and costs payable to Class Counsel have been factored into the value of the settlement.  In particular, the $1,900,000 Defendants have agreed to pay to the Class members will be reduced by the amount of attorney's fees and costs awarded to Class Counsel.

The settlement agreement provides further details on attorney fees payable to Class Counsel, and a copy of the settlement agreement may be obtained either from Class Counsel or the Court.

## 15. How Will the Class Representatives be Paid?

To compensate the Class Representatives (Sarah Shaw, Rebecca Wiles, and Ashley Howell) for their work in this litigation on behalf of the Class and for the particular claims they may have, these named plaintiffs will receive a service award.  Class Counsel will apply to the Court to receive a $5,000.00 service payment for Sarah Shaw, Rebecca Wiles, and Ashley Howell, based on their participation in the case to date.  These service awards will come out of the settlement. If approved, the Defendants shall pay these awards as part of the settlement.

## THE COURT'S FINAL APPROVAL HEARING

### 16.   When and Where will the Court Decide Whether to Approve the Settlement?

The Court will hold a Final Approval Hearing on _____.  At this hearing, the Court will consider whether or not the settlement is fair, reasonable, and adequate.  If there are written objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether or not to approve the settlement.

The Hearing will be held at: United States District Court for the Southern District of Florida, 299 East Broward Boulevard Rm. 205F Fort Lauderdale, FL 33301, before Judge William Dimitrouleas.

### 17.   Do I have to attend the Hearing?

No.  Class Counsel will answer questions the Court may have, but you may appear at your own expense.  If you send a written objection, the Court will consider it.  You may also pay your own lawyer to attend the hearing if you desire.

### 18.   Can my lawyer appear at the Final Approval Hearing to tell the Court about my opinions regarding the Settlement?

Yes.  As long as you don't exclude yourself, you have the right to appear through counsel at the Final Approval Hearing, so long as your Attorney's Notice of Appearance and any written objections you may have are postmarked or received by the Court, Defendants, and Class Counsel by _____.  If you do this, however, the cost of having your lawyer appear will be at your own expense.

## GETTING MORE INFORMATION

### 19.   Where do I obtain more information?

If you want additional information, you may call or write Class Counsel at the address and phone number listed above.

In addition, Class Counsel has created a specific website containing relevant documents including the operative class action complaint and complete settlement agreement.

### www.(INSERT WEB ADDRESS HERE).com

The specific terms of the settlement are outlined in the legal documents that have been filed with the Court.  You can look at and copy these documents at any time during regular office hours at the Office of the Clerk of Court for the United States District Court for the Southern District of Florida, 299 East Broward Boulevard #108 Fort Lauderdale, FL 33301.  If you have a PACER account, you may view the documents on the Court's CM/ECF website.

**[DATE]**

# EXHIBIT C

**CHEETAH CLASS ACTION SETTLEMENT CLAIM FORM**

In order to make a claim for cash payments, you ***must*** provide all of the information requested below ***and*** return it to the Claims Administrator so that it is postmarked ***no later than*** _____.  Late forms will not be accepted and you will not receive any cash payment.  Keep a signed copy for your records.

In order to receive cash payments, you must provide **all** of the following information and complete and submit the enclosed W-4 and W-9 forms.  You will receive the total amount of benefits detailed in the Notice of Class Action Settlement in four (4) installment payments over a period of 24 months.  Please Print Legibly!

1.    Legal Name:  _____

2.    Address: _____  City/State: _____ Zip Code: _____

3.    Social Security Number: _____

4.    Pursuant to the terms of the settlement, you are only qualified to participate in this settlement if you worked at least three days at Cheetah nightclub(s).

      Please identify the Cheetah nightclub locations at which you performed on at least <u>three days</u> between October 13, 2010 and the present date, the approximate dates you performed there and your stage name.

      I performed at the following nightclub(s):  _____

      The approximated dates I performed there were:  From _____ to _____

      The stage name(s) I used at the nightclub(s) was:  _____

**This information will be compared to the Clubs' records to ensure accuracy.

<u>**As provided by IRS regulations, IRS Forms W-2 and 1099-MISC will be issued to you for the amount of cash payments you receive pursuant to the Settlement Agreement.  You are responsible for obtaining your own tax advice and paying any taxes incurred as a result of the Settlement.**</u>

I, THE UNDERSIGNED, ACKNOWLEDGE THAT I HAVE READ THE NOTICE OF CLASS ACTION SETTLEMENT AND THIS FORM.  I DECLARE THAT I UNDERSTAND THIS FORM AND WISH TO SUBMIT IT TO RECEIVE MY CASH PAYMENTS.   BY EXECUTING THIS FORM, I CONSENT TO JOIN THE COLLECTIVE ACTION KNOWN AS *Shaw, et al. v. The Set Enterprises, Inc., et al.*, S.D. Fla. Case No. 0:15-cv-62152-WPD AND TO PARTICIPATE IN THE COURT-APPROVED SETTLEMENT OF THIS ACTION.   IN EXCHANGE   FOR   THE   PAYMENTS   PURSUANT   TO   THE   COURT-APPROVED

SETTLEMENT, I UNDERSTAND THAT I AM AGREEING NOT TO SUE THE RELEASEES (AS DEFINED IN THE COURT-APPROVED SETTLEMENT AGREEMENT), INCLUDING CHEETAH POMPANO, CHEETAH HALLANDALE AND CHEETAH PALM BEACH, FOR ALL RELEASED CLAIMS (AS ALSO DEFINED IN THE COURT-APPROVED SETTLEMENT AGREEMENT).  I HEREBY ACKNOWLEDGE AND AGREE THAT I AM RELEASING AND WAIVING ALL SUCH RELEASED CLAIMS AGAINST THE DEFENDANTS AND ALL OTHER RELEASEES IN THIS ACTION UNDER FEDERAL, STATE AND COMMON LAW, INCLUDING ALL CLAIMS THAT WERE OR COULD HAVE BEEN ASSERTED IN, OR THAT ARISE OUT OF OR ARE RELATED TO THE SUBJECT MATTER OF THIS LAWSUIT.

*       *       *

**I, THE UNDERSIGNED, PURSUANT TO 29 U.S.C. § 1746, DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

Date: _____          Signature: _____

Printed name: _____

# EXHIBIT D

**CHEETAH CLASS ACTION EXCLUSION (OPT-OUT) FORM**

The United States District Court for the Southern District of Florida has granted preliminary approval of a class and collective action settlement in a lawsuit entitled *Shaw, et al. v. The Set Enterprises, et al.*, Case No. 15-62152-CIV-DMINITROULEAS.

Class members have the right to opt out of the proposed settlement if they already have their own lawsuit against the defendants and want to continue with it, or if they want to file their own lawsuit, or simply if they do not want to be included in the class action settlement for any reason whatsoever.

**If you opt out of this class, you will not get any of the financial benefits from this settlement.**

To opt out, you must fully complete (by providing all of the information required below) and personally sign this form, and mail it to the address below, so that it is postmarked no later than _____, 2017.  If you do not submit this fully complete form by this date, you will automatically be a member of the Class.

☐        I want to be excluded from the Cheetah Class Action Settlement.  I understand that by doing so, I will not be eligible for any of the financial benefits from this settlement.

Name: _____

Address: _____

City: _____   State: _____   Zip Code: _____

Telephone: _____

Signature: _____   Date: _____

Return this form so that it is postmarked by _____, 2017 to:

       Settlement Administrator

       xxxxxxxxxxxxx


**TO REMAIN A CLASS MEMBER <u>DO NOT</u> SUBMIT THIS FORM**