UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-62152-CIV-DIMITROULEAS/SNOW

SARAH SHAW, REBECCA WILES,
and ASHLEY HOWELL, individually
and on behalf of all others similarly
situated,

    Plaintiffs,
v.

THE SET ENTERPRISES, INC., a
Florida Corporation, *et al.*

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

The above-entitled matter came before the Court on Plaintiffs' Unopposed[1] Motion for Preliminary Approval of Settlement, Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of the Proposed Notice of Settlement and Class Settlement Procedure ("Motion for Preliminary Approval") [DE 237], filed on June 29, 2017. The Court is otherwise fully advised in the premises.

    **I.**    **Preliminary Approval of the Settlement**

    1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval, the Declarations of Andrew R. Frisch ("Frisch Declaration") and John B. Gallagher ("Gallagher Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary

---

[1] Defendants agree, for settlement purposes only, not to oppose the motion.

approval of the settlement memorialized in the Joint Stipulation of Class Action Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs, SARA SHAW ("Shaw"), REBECCA WILES ("Wiles"), and ASHLEY HOWELL ("Howell") (collectively "Plaintiffs"), and Defendants, THE SET ENTERPRISES, INC. and FANEUIL ENTERTAINMENT INC. (collectively "Defendants" or "Cheetah"), and so orders all of its terms.

2. District courts are given discretion to certify a class under Rule 23 of the Federal Rules of Civil Procedure. *Cooper v. S. Co.*, 390 F.3d 695, 711 (11th Cir. 2004). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks. *See Clark v. Ecolab, Inc.,* 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009); *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir.1977)("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.").

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement approval process. It allows notice to issue to the class and for Class Members to object, opt-out or file a claim form to participate in the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Newberg on Class Actions* at § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies ... and appears to fall within the range of possible approval, the court should direct that" notice issue and should schedule a final approval hearing.") (citation omitted.).

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions. *Clark,* 2009

WL 6615729, at *3 (citations omitted). "A proposed settlement should be preliminarily approved if it is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, at *7 (S.D. Fla. May 14, 2007) (internal quotation omitted).

5. Here, the Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate.

6. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "Clearly, [such] settlements, especially in class actions, are to be encouraged." *Florida Power Corp. v. Granlund*, 82 F.R.D. 690, 693 (M.D. Fla. 1979).

7. The assistance of Magistrate Judge Goodman, who presided over the second half-day settlement conference which resulted in the settlement, reinforces that the Settlement Agreement is non-collusive. *See Pierre-Val v. Buccaneers Ltd. P'ship*, 2015 WL 3776918, at *2 (M.D. Fla. June 17, 2015).

II.     **Certification of the Proposed Rule 23 Settlement Class**

7. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying class for settlement purposes).

8. For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), without prejudice to the parties if the Court does

3

not finally approve the settlement or if the settlement otherwise does not take effect ("Settlement Class"):

> **Any exotic dancers who worked at least three days or more at Cheetah Pompano, Cheetah Hallandale, or Cheetah Palm Beach, at any time from October 13, 2010 to June 30, 2017.**

9. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 4,500 Class Members and thus, joinder is impracticable. *See Kilgo v. Bowman Trans.,* 789 F.2d 859, 878 (11th Cir.1986) (numerosity satisfied where plaintiffs identified at least 31 class members).

11. Plaintiffs satisfy Federal Rule of Civil 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay proper minimum wages in violation of federal and state wage and hour laws. *See Williams v. Mohawk Industries, Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) ("[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.") (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same).

12. Plaintiffs' claims are typical of the Settlement Class for purposes of this settlement, because they concern the same alleged pay policies and practices of Defendants, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Therefore, Rule 23(a)(3) is satisfied. *See Komberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir.2001)

(named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

13. Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in wage and hour class litigation and other complex litigation similar to the present action, and have dedicated substantial resources to the prosecution of the action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action. *See Lyons v. Georgia–Pacific Corp. Salaried Employees Ret. Plan,* 221 F.3d 1235, 1253 (11th Cir. 2000).

14. Therefore, Plaintiffs and Plaintiffs' Counsel, Andrew R. Frisch of Morgan & Morgan, P.A. ("M&M"), Jack C, Morgan, III of Aloia Roland & Lubell, PLLC ("ARL"), and John B. Gallagher of John B. Gallagher, P.A. ("JBG"), meet Rule 23(a)(4)'s adequacy requirement.

15. Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for 4,500 Settlement Class Members in a single, coordinated proceeding is superior to 4,500 individual lawsuits or arbitrations addressing the same legal and factual issues. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs, Inc.,* 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted); *see also In re Checking Account Overdraft Litigation,* 2012 WL 4173458, at *3 (S.D. Fla. Sept. 19, 2012).

### III.     Appointment of Plaintiffs' Counsel as Class Counsel

16. For settlement purposes only, the Court appoints Andrew R. Frisch and M&M and Jack C, Morgan, III and ARL, and John B. Gallagher and JBG, ("Plaintiffs' Counsel") as

Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

17. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

18. Frisch, M&M, Morgan, ARL, Gallagher, and JBG, have significant experience in litigating and settling wage and hour class and collective actions. *See Escort v. Princeton Info.,* 2017 U.S. Dist. LEXIS 47853, at *6 (S.D.N.Y. March 30, 2017) ("Based upon the investigations done by Mr. Frisch in this case, and his previous work as class counsel in similar cases, I conclude that he meets the requirements of Rule 23(g). Accordingly, I appoint Plaintiffs' counsel, Andrew R. Frisch of the law firm Morgan & Morgan, PA, as class counsel.") (internal citations omitted); *Encarnacion v. J.W. Lee, Inc.,* No. 14-CIV-61927, D.E. 65 (S.D. Fla. June 30, 2015); *Pierre-Val v. Buccaneers Ltd. P'ship,* 2015 WL 3776918, at *3 (M.D. Fla. June 17, 2015) ("Class Counsel here regularly engage in wage and hour class litigation and other complex litigation similar to the present Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action."); *Seghroughni v. Advantus Restaurant, Inc.*, 2015 WL 390329, at *2 (M.D. Fla. Jan. 28, 2015) (appointing Frisch and Morgan & Morgan as class counsel in case arising from FMWA claims); *Deleon v. Wells Fargo, N.A.,* 1:12-cv-04494-RLE, D.E. 39 (S.D.N.Y. Jan. 12, 2015) (same); *Reyes v. AT&T Mobility Services, LLC,* 1:10-cv-20837-MGC, D.E. 191 (S.D. Fla. Dec. 20, 2012) (appointing Frisch as class counsel); *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *5 (E.D.N.Y. August 6, 2012) ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage

6

and hour law and in class action law."); *Aponte v. Comprehensive Health Management, Inc.*, 2011 WL 2207586, at *12 (S.D.N.Y. June 2, 2011) ("[T]he attorneys at the firm have considerable experience in employment law and class action litigation [and] [t]hey will undoubtedly commit the necessary resources to representing the class. Morgan & Morgan is therefore appointed class counsel.").

19. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

## IV. Notice

20. The Court approves the Proposed Notice of Proposed Settlement of Class Action, which is attached to the Gallagher Declaration, and directs its distribution to the Class.

21. The content of the Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

22. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

23. The Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the

7

settlement generally"). The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

    **V.**    **Class Action Settlement Procedure**

24. The Court hereby adopts the settlement procedure:

    a.    The Court appoints Andrew R. Frisch and Morgan and Morgan, P.A., Jack C. Morgan, III and Aloia Roland & Lubell, PLLC, and John B. Gallagher and John B. Gallagher, P.A., as Class Counsel.

    b.    Within 14 calendar days of the date of this Order, Plaintiffs' counsel shall provide the Claims Administrator the names and contact information for Class Members provided to them by Defendants;

    c.    Within 14 days thereafter, the Claims Administrator shall mail the Notices to Class Members;

    d.    Class Members will have 60 days from the date the Notice is mailed to send in their claim form and participate in the settlement, opt out of the settlement, or object to it;

    e.    Plaintiff will file a Motion for Final Approval of Settlement no later than 14 days before the fairness hearing;

    **f.**    The Court will hold a final fairness hearing on **Friday, October 27, 2017 at 10:30 a.m.** at the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 in Courtroom 205B before Judge William P. Dimitrouleas;

    g.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day after the deadline for taking an appeal has passed;

    h.    If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval;

    i.    Defendants will fund the settlement, based on the Effective Date, by remitting Class Counsel's attorneys' fees and costs, the amount needed to pay valid claims, plus the other specified costs and expenses, including

        Service Payments, pursuant to the schedule outlined in sections 1, 2, 3, 4, 13 and 16 of the Settlement Agreement;

j.      The Claims Administrator and/or the Parties will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and the Service Awards pursuant to the schedule outlined in sections 1, 2, 3, 4, 13 and 16 of the Settlement Agreement; and

k.     The parties shall abide by all terms of the Settlement Agreement.

l.      If the Court does not finally approve the Settlement Agreement or the Settlement Agreement otherwise does not become effective, this Order shall be void and of no force and effect, and cannot be used against Defendants in future proceedings; the Settlement Agreement shall likewise be of no force and effect and shall not constitute any admission by any Defendant; and the parties shall be restored to their respective positions existing immediately prior to the Court's entry of this Order, such that Defendants will not have waived any procedural or substantive defenses, including the right to pursue their currently-pending motion to compel arbitration.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 30th day of June, 2016.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

9